```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
MARK CLARK,                         :
                    Plaintiff,      :   08 Civ. 1518 (RMB)(HBP)

     -against-                      :   OPINION
                                        AND ORDER
OFFICER HANSON, et al.              :

                    Defendant.      :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By motion dated March 28, 2008, (Docket Item 4), plaintiff, who is incarcerated, moves for pro bono counsel.[1] For the reasons set forth below, the motion is denied without prejudice to renewal.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1986). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 at *1 (S.D.N.Y. Apr. 26, 1996). As noted by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174. See also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.") (internal quotation marks omitted).

    I am willing to assume the plaintiff's financial inability to retain counsel because he states that he has only received $400 over the past eight months. I am also willing to assume that the plaintiff will probably face some obstacles if counsel is not appointed because he is detained in connection with immigration proceedings and appears to have no legal training. Furthermore, in response to the question on the form motion for counsel that asks plaintiff to explain the steps he has taken to find an attorney, the plaintiff stated, "I was unable to take any steps to find any legal counsel, because of limited assets

being avail[a]ble at this facility where I'm being detained." Based on this statement, I shall also assume that plaintiff is unable, as a practical matter, to take any steps on his own to retain counsel.

Although I am willing to assume these three factors, his current application does not establish that his claim has sufficient merit to be added to the list of cases submitted to the Pro Bono Panel.

Although it is, of course, impossible to assess fully the merits of the case at this stage, it appears from the face of the complaint that plaintiff will probably face substantial difficulty in succeeding in this case. Plaintiff alleges that while he was incarcerated at Rikers Island, the defendants kicked and punched him, knocked him to the ground, then stomped on his face. He also claims that the defendants harassed him. The plaintiff claims to have suffered several injuries, including a cut on his face, pain in his back, neck, and foot, a finger that is "out of place," and a bloody nose. It appears the plaintiff will confront a couple of difficulties in litigating his case because: (1) prison guards are given some leeway in using force and (2) there are no uninterested witnesses who can corroborate the plaintiff's version of events.

Even though the Supreme Court has held that a significant injury is not necessary for an Eighth Amendment claim,

Hudson v. McMillian, 503 U.S. 1, 9 (1992), "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) overruled on other grounds, Graham v. Connor, 490 U.S. 386, 397 (1989).

> To establish a constitutional violation under the Eighth Amendment, an inmate must meet both an objective and a subjective requirement. To meet the objective requirement, the alleged violation must be "sufficiently serious" by objective standards. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). The objective component is "context specific, turning upon 'contemporary standards of decency.'" Blyden, 186 F.3d at 263 (quoting Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (quoting Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976))). To meet the subjective requirement, the inmate must show that the prison officials involved "had a 'wanton' state of mind when they were engaging in the alleged misconduct." Davidson v. Flynn, 32 F.3d 27, 30 (2d Cir. 1994).

Griffen v. Crippen, 193 F.3d 89, 91 (2d Cir. 1999); see also Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993). Plaintiff here does not allege any substantial injury. Therefore, the merits of the plaintiff's case are not strong because "[t]he infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied . . . was unreasonable . . . ." Whitley v. Albers, 475 U.S. 312, 319 (1986).

4

Furthermore, there are no uninterested witnesses who can corroborate the plaintiff's version of events. According to the complaint, the other prisoners fear the guards, and, if called, they would not testify to what they allegedly saw. This fact will also make it difficult for the plaintiff to prove his case.

Accordingly, the plaintiff has failed to show that his petition is sufficiently meritorious, and thus, the plaintiff's motion for counsel is denied without prejudice to renewal. Any renewed motion should be accompanied by an affidavit establishing the factors identified above.

Dated:  New York, New York
        August 14, 2008

SO ORDERED

/s/ Henry Pitman
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Mark Clark
A # 97538379
Port Isabel Detention Center
27991 Buena Vista Blvd.
Los Fresnos, Texas 78566

5