USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARK CLARK, a/k/a "Renee Forde,"  :
:
                   Plaintiff,  :    08 Civ. 1518 (RMB) (HBP)
:
    - against -  :
:    **ORDER**
OFFICER HANSON and OFFICER HARRIS,  :
Shield # 17128  :
:
                  Defendants.  :
------------------------------------------------------------x

**I.    Background**

On or about February 14, 2008, Mark Clark, also known as Renee Forde ("Plaintiff"), proceeding pro se, filed a complaint, dated January 21, 2008 ("Complaint 08 Civ. 1518"), against Officer Hanson and Officer Harris, Shield # 17128, (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983, alleging, among other things, that at or about 5:45 p.m. on November 16, 2007 at the George R. Vierno Center at Rikers Island ("GRVC"), Defendants assaulted Plaintiff by "punching [him] in the face and . . . ribs"; "kick[ing] [him] to the floor"; and "stomping [his] head [against] the wall and floor." (Compl. 08 Civ. 1518 at 3.) On or about April 15, 2008, Plaintiff filed a similar complaint, dated March 2, 2008 ("Complaint 08 Civ. 3594"), against Defendants pursuant to 42 U.S.C. § 1983, alleging, among other things, that at or about 6:30 p.m. on November 16, 2007 at GRVC, Defendants assaulted Plaintiff by "kick[ing] and punch[ing] [him] repeatedly in the back and face." (Compl. 08 Civ. 3594 at 3.)

On or about November 25, 2008, United States Magistrate Judge Henry B. Pitman, to whom both Complaints 08 Civ. 1518 and 08 Civ. 3594 had been referred, issued a thoughtful report and recommendation ("Report"), recommending that Complaint 08 Civ. 1518 be

dismissed with Plaintiff's consent and without prejudice to the claims asserted in Complaint 08 Civ. 3594 "since the two actions [are] duplicative" and Plaintiff acknowledged "that the second action [08 Civ. 3594] had been commenced as the result of [a] mistake." (Report at 2.) Judge Pitman recommended dismissing Complaint 08 Civ. 1518 "as duplicative even though it is earlier filed" because Complaint 08 Civ. 3594 "is slightly more advanced than [08 Civ. 1518]." (Id. at 2, n.1.)[1]

Although the Report advised that "the parties shall have ten (10) days from the date of [the Report] to file written objections," (Report at 2), to date, neither party has submitted objections.

**For the reasons set forth below, the Report is adopted in its entirety and the above-captioned matter [Complaint 08 Civ. 1518] is dismissed without prejudice.**

## II.     Standard of Review

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

## III.    Analysis

A review of the Report shows that Judge Pitman's recommendations are neither clearly erroneous nor contrary to law; in fact, they are supported by the law in all respects.

---

[1]     "One of the [D]efendants has already answered in 08 Civ. 3594; none of the [D]efendants has answered or appeared in 08 Civ. 1518." (Id.)

Judge Pitman properly determined that Complaint 08 Civ. 1518 should be dismissed as duplicative of Complaint 08 Civ. 3594. (See Report at 2; see also Compl., 08 Civ. 1518, at 2–3; Compl., 08 Civ. 3594, at 2–3); Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may . . . dismiss a suit that is duplicative of another federal court suit."). And, Judge Pitman properly concluded that although 08 Civ. 1518 is the earlier filed action, it should be dismissed because it is "less advanced" than 08 Civ. 3594 and Plaintiff has consented to the dismissal of 08 Civ. 1518 without prejudice to the claims asserted in 08 Civ. 3594. (See Report at 2); see also Taylor v. Rodriguez, 238 F.3d 188, 197 (2d Cir. 2001).

### IV.  Conclusion and Order

For the reasons set forth in the Report and herein, the Court adopts the Report in its entirety. The Clerk of the Court is respectfully requested to close 08 Civ. 1518.

Dated: New York, New York
       December 15, 2008

*RMB*

RICHARD M. BERMAN, U.S.D.J.